## MORRILL VS. KENNEDY.

An indenture of apprenticeship of a child made by his father under the provisions of *section* 5, *Ch.* 11, *Gould's Dig.*, is not valid unless approved by the probate court.

*Appeal from Prairie Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HEMPSTEAD, for appellant.

When the living parents have not the means of educating

and supporting their children, an indenture of apprenticeship does not require approval by the probate court to give it validity. *Gould's Dig.* 150.

An indenture of apprenticeship void by statute is still obligatory upon the father at common law; or only voidable by the apprentice. *Fowler vs. Hollenback* 9 *Barb.* 314; 8 *John.* 328; 13 *Ib.* 248; 3 *B. & A.*, 59; 6 *Leigh.* 560.

The provisions requiring approval are only directory, and the non-observance does not invalidate the contract. *Wright* 658.

JORDAN, for the appellee.

The indenture is void : 1. In not providing for the education of the minor.  2. It is not approved by the probate court.  3. It has not been recorded.

When the statutes of the State and the common law conflict the latter must yield. 2 *Kent's com.* 264, 5, 6; 5 *Pick.* 250.

The indenture is void as a common law obligation, the minor not being a party thereto. 2 *Penn. Rep.* 977; 8 *East* 25; 1 *Eng.* 277.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

" John C. Morrill plaintiff and appellant, commenced an action of covenant against Samuel Kennedy, defendant and appellee, on the following indenture, in the Prairie circuit court, viz :

"This indenture of apprenticeship made and entered into at the town of Des Arc, on this 22d day of September, 1856, by and between Samuel Kennedy of the first part, and John C. Morrill of the second part, both of the county of Prairie and State of Arkansas; *Witnesseth :* That the said Samuel Kennedy, for the consideration hereinafter mentioned, has this day, and does by these presents, bind as an apprentice unto the said John C. Morrill, his son Samuel J. Kennedy, for and during the term of three years from this date; said term ending the 22d day of September, 1859, at which time the said Samuel J. Kennedy will have arrived at the full age of twenty-one years; and the

said Samuel Kennedy covenants and agrees with the said John C. Morrill that he shall have peaceable and lawful control and managment of the said Samuel J. Kennedy as an apprentice, for and during the said term of three years; and the said John C. Morrill, on his part, covenants and agrees to and with the said Samuel Kennedy, that he will teach the said Samuel J. Kennedy the art of printing in all its branches, so far as the same can be taught during the said term of three years; that he will furnish him with a sufficiency of good wearing apparel, suitable for a young man of his age; pay all his medical bills and furnish him with all other things, boarding included, necessary for his comfort and health for and during the said term of apprenticeship, and that he will treat the said Samuel J. Kennedy humanely, and in all respects act towards him as a good apprentice master should, and is bound by law to act toward his apprentice.

In testimony whereof the said parties hereunto set their hands, and affix their seals, this day and date above written.

SAM. KENNEDY, [seal.]

JOHN C. MORRILL, [seal.]

It was acknowledged before a justice of the peace the same day, and was recorded in the recorder's office of Prairie county, the 15th September, 1857.

The instrument was set out in the declaration according to its legal effect, and profert made; and the declaration averred that in virtue of the indenture, Morrill received the said apprentice, who remained in his service until the first of October, 1857, when he unlawfully absented himself from the service of the plaintiff contrary to said covenant, and has remained absent, although the plaintiff had truly kept the covenant in all things on his part, and whereby the said covenant had been broken to the plaintiff's damage $900.

The defendant demurred to the declaration on the following grounds :

1. No valid cause of action is disclosed by the declaration.

2. The deed of indenture upon which the action was brought,

has not been approved by the probate court of Prairie county, as required by the statute in such case made and provided.

3. The indenture does not contain a covenant requiring the minor to be sent to school, at least one fourth of his time, as required by the statute above referred to.

4. The declaration does not show that the minor's failure to serve the plaintiff faithfully, or his absenting himself was caused by the interference of the defendant, in any manner whatever, or has ever been sanctioned by the defendant.

'The court thinking that the second ground of demurrer was good, and that no cause of action existed, sustained the demurrer, and the plaintiff electing to stand on his declaration, final judgment was pronounced, dismissing the suit with costs, and Morrill appealed."

The foregoing is taken from the brief of the appellant's counsel.

He contends that the second cause of demurrer on which the demurrer was sustained by the circuit court, was not well taken because only such indentures of apprenticeship need to be approved by the probate court, as are made by parents who have not the means of maintaining their children, or wilfully neglect to support and educate them. But to this we cannot agree. The children of such parents are to be bound out by the probate court, and the indenture is to be made on the part of the child by the probate judge. *Gould's Dig. Ch.* 11, *sec.* 4. The next section provides that the father of a minor, or the mother, when the father is dead and no guardian has been appointed, may bind their children, as guardians are authorized to do by the second section of the act, for the purpose of learning some useful art, trade or employment.

The 6th section enacts that all covenants made by parents binding their children, shall require the children to be sent to school at least one fourth of their time, after they are seven years of age.

And the 7th section is that " such indentures by parents shall not be obligatory until the same shall be approved by the pro-

bate court, and recorded in the office of the recorder of the county."

The parents that are referred to in this section are not those mentioned in the 4th section, but those referred to in the 5th section.

We do not doubt the power of the General Assembly to prescribe, as the regulation essential to the validity of indentures of apprenticeship, that they be approved by the probate court. The State has an interest in its children; that they may not be removed from the care and influence of parental affection, except upon conditions that shall ensure their suitable education, and shall commit them to persons proper to take the places of parents, and to teach " some useful art, trade or employment.'

The regulation then being prescribed by proper authority should be observed by parents and masters, and must be enforced by the courts. We think the court below took the right view of this subject, but as to the other causes of demurrer, or subjects of argument before us, offer no opinion.

Judgment affirmed.